# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEITH NELSON,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　　Case No. 17–cv–1052-DRH

**LASHBROOK,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Keith Nelson, currently incarcerated at Menard Correctional Center in Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for review under Rule 4 and on Petitioner's Motion for a Stay of Abeyance. (Doc. 6)

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b).

## The Petition

Petitioner was convicted of one count of aggravated kidnapping and three counts of aggravated criminal sexual assault on June 11, 2010 in Cook County Illinois. (Doc. 1, p. 1). He was sentenced to four consecutive 25-year terms in the Illinois Department of Corrections. *Id.*

Petitioner's conviction was affirmed on direct appeal on July 12, 2013. (Doc. 1, p. 2). Petitioner's direct appeal raised the following issues:

1. The trial court erred in allowing the State to introduce "other crimes" evidence to show Petitioner's intent, motive, and propensity to commit sex crimes; and,
2. The State violated Petitioner's constitutional right to confront witnesses when it presented expert testimony from a DNA analyst.

*Id.*

Petitioner believed that his appellate counsel had filed a Petition for Leave to Appeal ("PLA") to the Illinois Supreme Court some time prior to August 17, 2013. *Id.* On January 1, 2016, Petitioner discovered that no PLA had ever been filed, and subsequently moved to file a late PLA. *Id.* Petitioner's Motion was granted. (Doc. 6, p. 1). He filed a late PLA on August 23, 2017. (Doc. 1, p. 3). On September 26, 2017, the PLA was denied. (Doc. 6, p. 2). The present Petition was filed on September 29, 2017. (Doc. 1).

Petitioner filed a motion for post-conviction relief in the state court on September 27, 2017. (Doc. 6, p. 2). That motion raises the following issues:

1. Petitioner's 20 year sentence was increased based on aggravating factors not submitted to a jury and determined beyond a reasonable doubt, in violation of Petitioner's Sixth Amendment rights;
2. Petitioner was denied effective assistance of appellate counsel when appellate counsel failed to raise the ineffectiveness of trial counsel in that trial counsel:
   a. Failed to object to an aggregated sentence of 120 years;
   b. Failed to object to the double enhancement Petitioner received when his offenses were enhanced to 3 counts of aggravated sexual assault based on the kidnapping;
   c. Failed to consult and request a lesser included offense.

(Doc. 6, p. 2).

The Petitioner raises the following issues in this proceeding:

1. The State court's admission of other crimes evidence was contrary to clearly established Federal law as determined by the Supreme Court of the United States; (Doc. 1, p. 14);
2. Petitioner's constitutional right to confront the witnesses against him was violated by the admission of Quataro's testimony without the testimony of other technicians involved in the DNA analysis of this case; and the appellate court unreasonably applied clearly established Federal law affirming the violation and unreasonably determined certain facts; (Doc. 1, p. 17);

On October 16, 2017, Petitioner filed a Motion for Stay of Abeyance. (Doc. 6). In the Motion, Petitioner informs the Court of his post-conviction proceedings, described above. Petitioner also requests that the Court stay these proceedings pending the outcome of his state court post-conviction motion, which he believes makes the present proceeding untimely. (Doc. 6)

## **Analysis**

A federal court should not grant a habeas application to a petitioner seeking relief under § 2254 unless it appears that "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A petitioner need only raise the issues under consideration once before the state court to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838. 845 (1999). There is no requirement that a petitioner raise issues previously raised on direct appeal in an additional state post-conviction proceeding. In fact, the Illinois Post-Conviction Hearing Act specifically

3

prohibits a litigant from raising issues on collateral attack that were previously raised on direct appeal. *People v. Tate*, 980 N.E.2d 1100, 1103 (Ill. 2012) ("A postconviction action is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings"); *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). The United States Supreme Court has also interpreted the exhaustion requirement to only require one complete round of the State's appellate review process. *O'Sullivan*, 526 U.S. at 844 ("[W]e have not interpreted the exhaustion requirement to require prisoners to file repetitive petitions.")(citing *Brown v. Allen*, 344 U.S. 443, 447 (1953) *superseded by statue*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214).

Therefore, it appears that Petitioner has exhausted the claims that he is attempting to bring in this suit. *Lisle v. Pierce*, 832 F.3d 778, 785 (7th Cir. 2016) (finding the petitioner had exhausted the issues before the court where he raised the matter at issue in his direct appeal and his request for a PLA before the Illinois Supreme Court, despite the fact that he had state post-conviction proceedings ongoing regarding other issues). Petitioner has presented his claims 1) regarding "other crimes" evidence; and 2) alleging that he was not properly able to confront witnesses regarding DNA evidence to the Illinois Supreme Court on direct review. Petitioner has represented to this Court that the Illinois Supreme Court denied his PLA on those two specific issues on September 26, 2017, three days prior to the filing of this Petition. Petitioner has also alleged that the Illinois Supreme Court granted him leave to

submit a late PLA after he missed the deadline. It is possible that the irregularities in Petitioner's PLA filing procedurally doom this Petition. However, Petitioner has represented to the Court that the Illinois Supreme Court accepted his late PLA and denied it on the merits. Without the state court records, that Court will take Petitioner at his word on this point. That means that this Petition is both timely, having been filed within a year of the date the conviction became final by the conclusion of direct review pursuant to 28 U.S.C. § 2244(d)(1), and properly exhausted as Petitioner has raised the issues he seeks to raise here during one round of state court review.

Petitioner's Motion for a Stay of Abeyance complicates matters unnecessarily. Petitioner alleges that he has initiated two additional claims in post-conviction proceedings, and requests the Court stay these proceedings so that he may properly exhaust those claims. But Petitioner has not made those claims in the present Petition. It is not therefore, the type of "mixed" petition "in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Rhines v. Weber,* 544 U.S. 269, 271 (2005). While the Seventh Circuit has recommended that district courts consider staying mixed petitions in certain circumstances, *see, e.g., Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008), those circumstances are not relevant here because the Petition is not mixed. *Lisle,* 832 F.3d at 785.

It is possible that the exclusion of the unexhausted claims from this Petition has made it harder or impossible to raise them in future proceedings.

5

28 U.S.C. § 2244(b). But Petitioner has not moved to amend his Petition, and the Court must act on the claims presently before it, and not on prospective claims. As there are no grounds to stay the case as presently drafted, the Court **DENIES** the Motion for a Stay of Abeyance, (Doc. 6), and **ORDERS** Lashbrook to **RESPOND** to the Petition, so that the Court may have the advantage further briefing and the state court record in deciding the issues presented by the Petition.

### Disposition

**IT IS HEREBY ORDERED** that Respondent Lashbrook shall answer or otherwise plead within thirty days of the date this order is entered (on or before December 18, 2017).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a*

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

*referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2017.11.14
11:33:09 -06'00'

United States District Judge